Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
Prachi V. Mehta (SBN 332350)
  pmehta@dtolaw.com
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063
Telephone: (415) 630-4100
Facsimile: (415) 630-4105

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
David Ramirez-Galvez (SBN 313544)
  dramirezgalvez@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Attorneys for Defendant
HP INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADEK BARNERT, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>HP, INC.,<br><br>     Defendant. | Case No.:  5:21-CV-05199-SVK<br>Hon. Susan van Keulen<br><br>**DEFENDANT HP INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   October 12, 2021<br>Time:   10:00 a.m.<br>Courtroom: 6 – 4th Floor<br><br>Action Filed: July 6, 2021 |

TO THE COURT AND ALL PARTIES OF RECORD:

**PLEASE TAKE NOTICE THAT** on Tuesday, October 12, 2021, at 10:00 a.m. or as soon thereafter as this matter may be heard, before the Honorable Susan van Keulen, in Courtroom 6 of this Court, located on the 4th Floor of the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Defendant HP Inc. ("HP") will, and hereby does, move the Court for an order: (i) dismissing the non-New York claims in the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), or, in the alternative, (ii) striking the nationwide class allegations from the Complaint under Federal Rule of Civil Procedure 12(f).  This motion is made on the following grounds:

1. Because Plaintiff is a New York resident and alleges no injury outside of New York, he lacks Article III standing and statutory standing to assert claims under the laws of any other state.

2. Because under California's choice-of-law framework, the law of the state where each putative class member purchased her printer governs that individual's claims, and the laws of the fifty states vary from state to state, individual issues of law and fact necessarily predominate.  A nationwide class therefore cannot be certified.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the concurrently filed Appendices A, B, and C, the Request for Judicial Notice filed concurrently herewith, the pleadings and records on file, and such other matters as the Court deems necessary and proper to adjudicate this Motion.

Dated:  August 30, 2021                    DTO LAW

By:   /s/ Megan O'Neill
     Megan O'Neill
     William A. Delgado
     Prachi V. Mehta
     David Ramirez-Galvez

     Attorneys for Defendant HP Inc.

1

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................................... 1

II.  FACTUAL BACKGROUND ............................................................................ 1

III. ARGUMENT ................................................................................................ 3

A.   The Court Should Dismiss Plaintiff's Non-New York Law Claims
Because Plaintiff Lacks Article III and Statutory Standing to
Pursue Them. ...................................................................................... 3

1.   The Instant Ink contract contains a choice-of-law
provision requiring the application of the laws of the 50
states and the District of Columbia to Counts I and III. .......... 3

2.   The choice-of law provision is valid and enforceable. ............. 4

a.   The choice-of-law provision applies to Plaintiff's
claims. .............................................................................. 5

b.   There is a substantial relationship between
Plaintiff and putative class members and the
governing law in the ToS. ............................................... 6

3.   Plaintiff lacks Article III standing to sue under the laws
of states where he neither resides nor alleges any injury. ........ 7

4.   For the same reason, Plaintiff lacks statutory standing
under 43 of the consumer protection laws at issue ................... 9

5.   This Court should address the standing issue now, as the
majority of courts in this district have done. .......................... 11

B.   Alternatively, the Court Should Strike the Nationwide Class
Allegations in Counts I and Count III Pursuant to Rule 12(f). ......... 12

1.   The viability of plaintiff's flawed nationwide allegations is
suitable for determination at the pleadings stage. ................... 13

2.   Application of fifty states' laws defeats predominance and
precludes certification of a nationwide class for breach of
the implied covenant of good faith and fair dealing. .............. 14

3.   The Court should strike the nationwide class allegations
pertaining to violations of consumer protection statutes
(Count III) because material differences in consumer
protection laws of the 50 states defeat predominance and
preclude certification of a nationwide class. .......................... 17

IV.  CONCLUSION ........................................................................................... 20

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Allison v. Union Hosp., Inc.,*
5     883 N.E.2d 113 (Ind. Ct. App. 2008) .................................................................... 15

6 *Banh v. Am. Honda Motor Co., Inc.,*
    2020 WL 4390371 (C.D. Cal. July 28, 2020)......................................................... 20
7

8 *Bank One, Texas N.A. v. Stewart,*
    967 S.W.2d 419 (Tex. App. 1998) ......................................................................... 15
9

*Campusano v. BAC Home Loans Servicing LP,*
10     2012 WL 13008750 (C.D. Cal. Jan. 20, 2012) ......................................................... 6

11 *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal. 4th 163 (1999).......................................................................................... 19
12

13 *Chavez v. Wal-Mart Stores, Inc.,*
    2014 WL 12591252 (C.D. Cal. June 2, 2014)....................................................... 10
14

15 *CitiMortgage, Inc. v. Just Mortg., Inc.,*
    2012 WL 1060122 (E.D. Mo. Mar. 29, 2012)....................................................... 16

16 *Cocroft v. HSBC Bank USA, N.A.,*
17     796 F.3d 680 (7th Cir. 2015).......................................................................... 17, 18

18 *Corcoran v. CVS Health Corp., Inc.,*
    2016 WL 4080124 (N.D. Cal. July 29, 2016) ......................................................... 8
19

20 *Cover v. Windsor Surry Co.,*
    2016 WL 520991 (N.D. Cal. Feb. 10, 2016).......................................................... 13
21

22 *Dabush v. Mercedes-Benz USA, LLC,*
    874 A.2d 1110 (N.J. Super. App. Div. 2005) ........................................................ 18

23 *Darisse v. Nest Labs, Inc.,*
24     2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ...................................................... 20

25 *Deerman v. Fed. Home Loan Mortg. Corp.,*
    955 F. Supp. 1393 (N.D. Ala. 1997), *aff'd sub nom. Deerman v. Fed.*
26     *Home Loan Mortg.,* 140 F.3d 1043 (11th Cir. 1998)............................................. 18

27 *Easter v. Am. W. Fin.,*
    381 F.3d 948 (9th Cir. 2004)................................................................................ 11
28

3

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

*Egwuatu v. South Lubes, Inc.*,
    976 So.2d 50 (Fla. App. 2008)........................................................................18

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014)...........................................................13

*Glenn v. Hyundai Motor Am.*,
    2016 WL 3621280 (C.D. Cal. June 24, 2016)...............................................20

*In re Glumetza Antitrust Litig.*,
    2020 WL 1066934 (N.D. Cal. Mar. 5, 2020)................................................8

*Griffin v. Universal Gas Co.*,
    654 N.E.2d 694 (Ill. App. Ct. 1995)............................................................17

*Howard v. Goldbloom*,
    30 Cal. App. 5th 659 (2018).........................................................................5

*Johnson v. Nissan N. Am., Inc.*,
    272 F. Supp. 3d 1168 (N.D. Cal. 2017)...................................................7, 8

*Jones v. Micron Tech. Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019)...............................................8, 9, 11

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018).......................................................................4

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011).................................................................................18

*Lane v. Wells Fargo Bank N.A.*,
    2013 WL 269133 (N.D. Cal. Jan. 24, 2013)................................................6

*Lane v. Wells Fargo Bank*,
    N.A., 2013 WL 3187410, at *4 (N.D. Cal. June 21, 2013)........................15

*Lazebnik v. Apple, Inc.*,
    2014 WL 4275008 (N.D. Cal. Aug. 29, 2014)...........................................17

*Littlehale v. Hain Celestial Grp., Inc.*,
    2012 WL 5458400 (N.D. Cal. July 2, 2012)..............................................19

*Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*,
    2014 WL 4774611 (N.D. Cal. Sept. 22, 2014)...........................................9

*Makaeff v. Trump Univ., LLC*,
    2014 WL 688164 (S.D. Cal. Feb. 21, 2014)...............................................15

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
196731

*Mazza v. Am. Honda Motor Co.,*
    666 F.3d 581 (9th Cir. 2012) ................................................................ *passim*

*Midwest Mgmt. Corp. v. Stephens,*
    291 N.W.2d 896 (Iowa 1980) .............................................................. 16

*Nedlloyd Lines B.V. v. Super. Ct.,*
    3 Cal. 4th 459 (1992) ...................................................................... 5, 6, 14

*Parrino v. FHP, Inc.,*
    146 F.3d 699 (9th Cir. 1998) ................................................................. 4

*Pelman ex rel. Pelman v. McDonald's Corp.,*
    396 F.3d 508 (2d Cir. 2005) ................................................................ 18

*Phan v. Sargento Foods, Inc.,*
    2021 WL 2224260 (N.D. Cal. June 2, 2021) ...................................... 12, 13, 14, 20

*Pilgrim v. Univ. Health Card, LLC,*
    660 F.3d 943 (6th Cir. 2011) ............................................................... 14, 20

*Razuki v. Nationstar Mortg., LLC,*
    2020 WL 1478374 (N.D. Cal. Mar. 26, 2020) ..................................... 9

*Route v. Mead Johnson Nutrition Co.,*
    2013 WL 658251 (C.D. Cal. Feb. 21, 2013) ....................................... 13, 20

*Sateriale v. RJ Reynolds Tobacco Co.,*
    2014 WL 7338877 (C.D. Cal. Dec. 19, 2014) .................................... 15, 17

*Schepler v. Am. Honda Motor Co.,*
    2019 WL 398000 (C.D. Cal. Jan. 29, 2019) ....................................... 13, 17, 19

*Schertzer v. Bank of Am., N.A.,*
    445 F. Supp. 3d 1058 (S.D. Cal. 2020) .............................................. 11

*Shoney's LLC v. MAC E., LLC,*
    27 So. 3d 1216 (Ala. 2009) ................................................................. 16

*Snarr v. Cento Fine Foods Inc.,*
    2019 WL 7050149 (N.D. Cal. Dec. 23, 2019) .................................... 9, 11

*Soo v. Lorex Corp.,*
    2020 WL 5408117 (N.D. Cal. Sept. 9, 2020) ..................................... 11, 12

*Stemmelin v. Matterport, Inc.,*
    2020 WL 6544456 (N.D. Cal. Nov. 7, 2020) ...................................... 9

5

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

*Stewart v. Kodiak Cakes, LLC,*
  2021 WL 1698695 (S.D. Cal. Apr. 29, 2021) ......................................................... 8

*Sultanis v. Champion Petfoods USA Inc.,*
  2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) ......................................................... 12

*T.W. Nickerson, Inc. v. Fleet Nat'l Bank,*
  924 N.E.2d 696 (Mass. 2010) ................................................................................ 16

*Thomas v. Kimpton Hotel & Rest. Grp., LLC,*
  2020 WL 3544984 (N.D. Cal. June 30, 2020) ....................................................... 10

*Turtur v. Rothschild Registry Intern., Inc.,*
  26 F.3d 304 (2d Cir. 1994) ...................................................................................... 5

*United States v. Ritchie,*
  342 F.3d 903 (9th Cir. 2003) ................................................................................... 4

*Vila & Son Landscaping Corp. v. Posen Const., Inc.,*
  99 So. 3d 563 (Fla. Dist. Ct. App. 2012) .............................................................. 16

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) .................................................................................................. 8

*Wash. Mut. Bank FA v. Super. Ct.,*
  24 Cal. 4th 906 (2001) ............................................................................................. 5

*Wilson v. Amerada Hess Corp.,*
  773 A.2d 1121 (N.J. 2001) ..................................................................................... 16

*Yarborough v. DeVilbiss Air Power, Inc.,*
  321 F.3d 728 (8th Cir. 2003) ................................................................................. 16

*Zinser v. Accufix Rsch. Ins., Inc.,*
  253 F.3d 1180 (9th Cir.), *opinion amended on denial of reh'g*, 273
  F.3d 1266 (9th Cir. 2001) ...................................................................................... 19

**Statutes**

5 M.R.S.A. § 205-(A) ................................................................................................. 18

Cal. Civ. Code § 1782 ................................................................................................ 18

Fed. R. Civ. P. 12(b)(1) .................................................................................... 1, 7, 20

Fed. R. Civ. P. 12(f) ........................................................................................ 1, 12, 20

Ill. Comp. Stat. Ann. 501/1 et seq. .................................................................... 18, 19

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

Ill. Comp. Stat. Ann. 505/10a ................................................................................. 19

M.G.L.A. § 93(A) ....................................................................................................... 18

Mich. Comp. Laws. Ann. §§ 445.901 et seq. ............................................................. 19

Mich. Comp. Laws Ann. § 445.911(1)-(3) ................................................................. 19

N.J. Stat. Ann. 56:8-19 ............................................................................................... 19

**Other Authorities**

Restatement (Second) of Conflict of Laws § 187, Cmt. f ............................................ 7

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant HP Inc. ("HP") offers a subscription program called Instant Ink. When consumers subscribe, their internet-connected HP printer keeps HP apprised of the ink levels in the printer.  When the printer's ink level decreases beyond a certain threshold, HP automatically sends the subscriber more ink by mail.

Plaintiff Radek Barnert, a New York resident, alleges he experienced certain issues with the Instant Ink program.  He now brings this putative class action on behalf of two nationwide classes, alleging claims for breach of the implied covenant of good faith and fair dealing and violations of the consumer protection statutes of the fifty different states.  He also seeks to represent a New York subclass, alleging HP violated New York's consumer protection law.

At the outset, Plaintiff's claims suffer from two fatal flaws.  *First*, Plaintiff lacks Article III and/or statutory standing to assert claims under the laws of the other 49 states where he neither resides nor was injured.  These non-New York claims should be dismissed pursuant to Rule 12(b)(1) and/or 12(b)(6).  *Second*, even if Plaintiff had standing to assert non-New York claims, the Court should nevertheless strike them under Rule 12(f) because variations in state law will eclipse any common issues of law or fact.  No amount of discovery will change that. Therefore, like numerous other courts in this district, the Court should strike the nationwide class allegations at the pleading stage.

## II.    FACTUAL BACKGROUND

Plaintiff's claims center on HP's Instant Ink Program.  Instant Ink is a subscription-based program, which conveniently and automatedly provides subscribers with HP printer ink via mail.  Compl. ¶ 1.  The program works like this: subscribers enroll their printers into the program; the enrolled printer keeps HP apprised, via Internet connection, of the enrolled printer's ink supply; and when the ink is low, HP automatically ships replacement ink cartridges to the subscriber.  *Id.*

1

¶ 2.  Depending on their printing needs, subscribers can choose from several plans, allowing them to print anywhere from 15 to 700 pages per month.  *Id.* ¶ 3.  In essence, Instant Ink anticipates and meets subscribers' ink needs as they arise.  *Id.* ¶ 2.

Plaintiff alleges that, on July 18, 2020, he purchased an HP printer from Best Buy, along with a two-year Instant Ink subscription.  Compl. ¶¶ 60, 62.  Plaintiff further alleges that, prior to purchasing his printer, he saw and relied on HP's representations on Best Buy's website.  *Id.* ¶ 63.  These representations allegedly included assurances HP would provide Plaintiff with "hassle-free" delivery of ink before he would run out, as well as "prepaid recycling" of used cartridges.  *Id.* ¶ 63.  Beginning in April 2021, Plaintiff allegedly started having trouble with his printer.  *Id.* ¶ 65.  Plaintiff states he contacted HP's support team, who sent him replacement cartridges over the next few months.  *Id.* ¶¶ 66, 67, 69.  According to Plaintiff, he was nonetheless without the ability to print for approximately thirty-five days.  *Id.* ¶ 78.  Plaintiff also alleges that, during his correspondence with HP, he asked for instructions on how to recycle the used cartridges, but the HP representative told him to throw the cartridges away.[1]  *Id.* ¶ 79.

As a result of these facts, Plaintiff alleges breach of contract based on an alleged breach of the implied covenant of good faith and fair dealing (Count I), violation of New York's consumer protection statute (Count II), and violations of the consumer protection statutes of the fifty states and District of Columbia (Count III).  *Id.* ¶¶ 98-117; 130-44.  Although only a resident of New York, Plaintiff seeks to assert these claims on behalf of the following nationwide consumer classes: (a) all persons and entities in the United States who were subscribed to the HP Instant Ink Program and incurred an interruption in printing service due to an error message, faulty cartridges, or cartridges being out of stock ("Printing Class"); (b) all

---

[1] For purposes of this Rule 12 motion, HP assumes, as it must, the truth of the allegations in the complaint, but nothing herein shall be construed as an admission Plaintiff's allegations are in fact true.

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
196731

persons and entities in the United States who were subscribed to the HP Instant Ink Program but were not provided materials for free recycling ("Environmental Class") (together, the "Nationwide Classes").  *Id.* ¶ 86.

## III.   ARGUMENT

### A.   The Court Should Dismiss Plaintiff's Non-New York Law Claims Because Plaintiff Lacks Article III and/or Statutory Standing to Pursue Them.

Plaintiff asserts two claims for relief under the laws of the fifty states and the District of Columbia: (1) Count I for breach of the implied covenant of good faith and fair dealing ("implied covenant"); and (2) Count III for violations of each state's consumer protection statute(s).  Nevertheless, Plaintiff pleads no connection whatsoever to any jurisdiction other than New York, the state in which he resides and in which he was allegedly injured.  Absent such a connection, Plaintiff is without Article III standing to pursue those non-New York claims, and therefore, this Court should dismiss them for lack of subject matter jurisdiction.  In addition, Plaintiff lacks statutory standing to pursue Count III as to 43 of the 51 consumer protection statutes at issue.  The Court should therefore dismiss Plaintiff's claims as to those 43 consumer protection statutes for failure to state a claim.

#### 1.   *The Instant Ink Contract contains a choice-of-law provision requiring the application of the laws of the 50 states and the District of Columbia to Counts I and III.*

Counts I and III are both governed by the laws of the fifty states and the District of Columbia.  As to Count III, Plaintiff expressly pleads his claim that way.  *See* Compl. ¶ 131 (citing the consumer protection laws of the fifty states and the District of Columbia).  As to Count I, the Complaint is less clear.  *See* Compl. ¶¶ 98–117 (asserting claims on behalf of Nationwide Classes but failing to specify under which states' laws).[2]  But, regardless of what state law Plaintiff *intended* to assert,

---

[2]  Because Plaintiff does not allege that a single state's law applies to Count I, a reasonable reading of the Complaint is that Plaintiff is alleging the laws of all 50 states and the District of Columbia apply.

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
196731

1  Plaintiff (and the putative class members) already agreed to apply the laws of their

2  respective states to both Counts I and III.

3      Plaintiff bases his breach of contract claim (Count I) on his Instant Ink

4  contract with HP, namely, the Instant Ink Terms of Service ("ToS").  *See* Compl.

5  ¶¶ 99–103; Request for Judicial Notice (RJN), Ex. 1 (Instant Ink Terms of Service).[3]

6  The ToS contains the following choice-of-law provision:

> GOVERNING LAW AND ONLINE DISPUTE RESOLUTION.
> Any dispute arising out of or otherwise relating to this
> Agreement, whether based on contract, tort, fraud, or any other
> legal theory, shall be governed by the law of in force in the
> jurisdiction ***in which You currently reside without regard to its***
> ***conflict-of-law principles*** (the "Governing Law").

11  RJN, Ex. 1 at § 11(f) (emphasis added).[4]  As explained below, this provision dictates

12  which states' laws apply to the implied covenant claims under Count I.[5]

13         2.    *The choice-of-law provision is valid and enforceable.*

14      Because this Court is "sitting in diversity," it "must look to the forum state's

15  choice of law rules to determine the controlling substantive law."  *Mazza v. Am.*

16  *Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012).  Under California law, where

---

3  This Court can and should "incorporat[e]-by-reference" and "treat [as] part of the
complaint" the Terms of Service, *available at https://instantink.hpconnected.com
/us/en/terms*. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir.
2018).  Count I necessarily depends upon the underlying ToS, which forms the
basis for HP's contract with consumers of the nationwide class.  *See* Compl. ¶ 81
(emphases added); *id.* ¶¶ 64, 101, 107, 114 (all referring to/alluding to the Terms
of Service).  Thus, considering the ToS at this stage is appropriate.  *United
States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (considering document when
"the plaintiff refers extensively to the document or the document forms the basis
for the plaintiff's claim"); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th
Cir. 1998) (noting document may be incorporated even if it is never referenced
directly in complaint if claim necessarily depended on it) (superseded by statute
on other grounds).

4  The choice-of-law provision in the *current* ToS cited above, effective as of
December 2020, is materially the same as the choice-of-law provision in effect
when Plaintiff alleges to have bought the printer.  *See* RJN Ex. 2 at § 11(f) (Aug.
4, 2020 WayBack Machine Screenshot of Instant Ink Terms of Service); Ex. 3 at
§ 11(f) (May 13, 2020 WayBack Machine Screenshot of Instant Ink Terms of
Service).

5  The choice-of-law provision also applies to Count III because the consumer
protection statute claims "relate" to the ToS.

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
196731

the parties have entered into a contract specifying another jurisdiction's law will govern their disputes, courts apply the framework set forth in *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459 (1992), ("*Nedlloyd* framework") to determine whether to apply and enforce the contractual provision. *Wash. Mut. Bank FA v. Super. Ct.*, 24 Cal. 4th 906, 915–16 (2001).

The *Nedlloyd* framework has two prongs. *First*, the Court must "examine the choice-of-law clause [to] ascertain whether the advocate of the clause has met its burden of establishing that the various claims of putative class members fall within its scope." *Id.* at 916. *Second*, the Court must "evaluate the clause's enforceability." *Id.* To be enforceable, the choice-of-law provision must identify the law of a state having "a substantial relationship to the parties or their transaction"; alternatively, the proponent of the provision may show "there is any other reasonable basis for the parties' choice of law." *Id.* If either is true, the choice-of-law clause is "enforced[,] unless the other side can establish ***both*** that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue." *Id.* (emphasis added).

### a.   The choice-of-law provision applies to Plaintiff's claims.

Count I for breach of the implied covenant of good faith and fair dealing falls squarely within the scope of the ToS's choice-of-law provision. As noted, *supra*, the applicable provision applies to "[a]ny dispute arising out of or otherwise relating to [the parties' Instant Ink] Agreement." RJN, Ex. 1 at § 11(f). In other words, the operative language contains a "broad clause" intending to capture all disputes, even extra-contractual ones. *Cf. Howard v. Goldbloom*, 30 Cal. App. 5th 659, 663-64 (2018) (examining difference between broad clauses that say "arising from or related to" and narrow clauses that ***only*** say "arising from" or "arising out of"); *Turtur v. Rothschild Registry Intern., Inc.*, 26 F.3d 304, 309-10 (2d Cir. 1994) (holding broad choice-of-law clause governing "any controversy or claim arising out

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731

1    of or relating to this contract or breach thereof" governed both contractual and fraud

2    disputes related to contract).

3        Regardless of whether the provision's scope is "broad" or "narrow," however,

4    the provision applies to Plaintiff's claim for breach of contract based on the covenant

5    of good faith and fair dealing (Count I).  After all, the covenant, *implied in the*

6    *agreement*, could not exist without the agreement in the first instance.  Notably, the

7    allegations in the Complaint, which chronicle HP's supposed failure to satisfy the

8    terms of the parties' agreement, make clear Plaintiff's claim "arise[s] out of or

9    relate[s]" to the ToS.  *See* Compl. ¶ 81 ("HP reneged on its promises that it would

10   provide Plaintiff with (a) ink cartridges so he would 'never run out' of ink, (b)

11   'prepaid recycling' of used cartridges, and (c) an environmentally friendly

12   alternative to purchasing replacement ink cartridges at retail.  HP also failed to

13   provide Plaintiff with 'continued printing through the [Program],' as set forth in the

14   Program's **terms and conditions**.") (emphasis added).

             b.    There is a substantial relationship between Plaintiff and
15                  putative class members and the governing law in the ToS.

16

17       The ToS's choice-of-law provision unequivocally states the governing law is

18   the "law of in force in the jurisdiction in which [the purchaser] currently reside[s]."

19   *See* RJN, Ex. 1.  With respect to Plaintiff, there is a substantial relationship

20   between the chosen jurisdiction of New York, on the one hand, and both the

21   Plaintiff, a New York resident, and the transaction, which occurred in New York, on

22   the other.  *Nedlloyd Lines*, 3 Cal. 4th at 467 (finding substantial relationship

23   existed when one party was domiciled in chosen state); *Lane v. Wells Fargo Bank*

24   *N.A.*, 2013 WL 269133, at *4 (N.D. Cal. Jan. 24, 2013) (*Lane I*) (enforcing Arkansas

25   choice-of-law provision in mortgage contract where subject property was located in

26   Arkansas and plaintiffs were Arkansas residents); *Campusano v. BAC Home Loans*

27   *Servicing LP*, 2012 WL 13008750, at *3 (C.D. Cal. Jan. 20, 2012) (holding choice-of-

28   law provision selecting law of jurisdiction where subject property was located

"satisfies *Nedlloyd*'s second step because the chosen state law has a substantial relationship to the parties and the transaction," given "most[] out-of-state class members likely would prefer to litigate under the laws of their own jurisdiction"); Restatement (Second) of Conflict of Laws § 187, Cmt. f. (substantial relationship present when "one of the parties is domiciled" in chosen state). The same analysis would hold true of any class member: there would be a substantial relationship between each class member and the law of the state in which each resides and in which the transaction took place.

Lastly, there is no public policy against applying the law of the state *in which the consumer resides*. Indeed, even in the absence of a choice-of-law provision, California's traditional conflict of law analysis, the "government interest test," would require the application of the law of each class member's state. *Mazza*, 666 F.3d at 594 (noting "foreign states have a strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state" and "California's interest in applying its law to residents of foreign states is attenuated.").

Accordingly, as with Count III, Plaintiff necessarily asserts Count I under the laws of the fifty states and the District of Columbia.

### 3. *Plaintiff lacks Article III standing to sue under the laws of states where he neither resides nor alleges any injury.*

Under Rule 12(b)(1), "a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint." *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1173 (N.D. Cal. 2017) (citing Fed. R. Civ. P. 12(b)(1)). "Standing," in turn, "is a threshold matter central to [the court's] subject matter jurisdiction." *Id.* (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)).

"Article III's 'irreducible constitutional minimum of standing' to sue requires a plaintiff to have suffered: (1) an injury-in-fact; (2) that is fairly traceable to the

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
196731

1  defendant's conduct; and (3) is redressable by a favorable court decision." *In re*

2  *Glumetza Antitrust Litig.*, 2020 WL 1066934, at *10 (N.D. Cal. Mar. 5, 2020)

3  (Alsup, J.) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

4  Critically, "Article III [is] measured **claim-by-claim**." *Jones v. Micron Tech. Inc.*,

5  400 F. Supp. 3d 897, 909 (N.D. Cal. 2019) (citing *DaimlerChrysler Corp. v. Cuno*,

6  547 U.S. 332, 352, (2006) (emphasis added)).  "[T]hat this action is a putative class

7  action does not excuse Plaintiffs' obligation to show standing for each claim

8  asserted." *Stewart v. Kodiak Cakes, LLC*, 2021 WL 1698695, at *7 (S.D. Cal.

9  Apr. 29, 2021); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011)

10  (noting "the Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or

11  modify any substantive right'").  "At bottom, 'the injury a plaintiff suffers defines

12  the scope of the controversy he or she is entitled to litigate.'" *In re Glumetza*, 2020

13  WL 1066934, at *10 (citing *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir.

14  2015)).

15      Because a plaintiff must have suffered injury as to each and every claim

16  asserted, "[c]ourts in the Ninth Circuit have consistently held that a plaintiff in a

17  putative class action lacks standing to assert claims under the laws of states other

18  than those where the plaintiff resides or was injured." *Jones*, 400 F. Supp. 3d at

19  908, 911 (White, J.) (concluding "the named Plaintiffs lack standing to bring claims

20  under the [state antitrust/unfair competition] laws of the twenty jurisdictions

21  invoked by the Complaint where they do not reside and have alleged no injury");

22  *Johnson*, 272 F. Supp. 3d at 1175 (Orrick, J.) (concluding same as to named

23  plaintiffs from New York and California who sought to assert Magnuson–Moss

24  Warranty Act and unjust enrichment claims under the laws of the fifty states);

25  *Corcoran v. CVS Health Corp., Inc.*, 2016 WL 4080124, at *1 (N.D. Cal. July 29,

26  2016) (Gonzalez Rogers, J.) (concluding same as to named plaintiffs who sought to

27  assert "fraud, negligent misrepresentation, and unjust enrichment []claims . . .

28  under the laws of [] thirty-eight states in which no named plaintiff resides or alleges

8

1   to have purchased [the product] from defendant"); *Stemmelin v. Matterport, Inc.*,

2   2020 WL 6544456, at *3 (N.D. Cal. Nov. 7, 2020) (Alsup, J.) (similar); *Razuki v.*

3   *Nationstar Mortg., LLC*, 2020 WL 1478374, at *3 (N.D. Cal. Mar. 26, 2020) (Donato,

4   J.) (similar); *Snarr v. Cento Fine Foods Inc.*, 2019 WL 7050149, at *8 (N.D. Cal.

5   Dec. 23, 2019) (Gilliam, J.) (similar); *Los Gatos Mercantile, Inc v. E.I. DuPont De*

6   *Nemours & Co.*, 2014 WL 4774611, at *3–4 (N.D. Cal. Sept. 22, 2014) (Freeman, J.)

7   (similar).

8       So too here.  The complaint alleges Plaintiff is a resident of New York and

9   alleges no injury outside of New York.  Compl. ¶ 29.  Plaintiff purchased his HP

10  printer and received Instant Ink deliveries only in New York.  *See, e.g., id.* ¶¶ 29, 60

11  ("On July 18, 2020, Mr. Barnert purchased an HP printer from Best Buy for store

12  pickup at the Chelsea location at 60 W. 23rd St., New York, NY 10010-5283.").

13  Plaintiff thus alleges no other pertinent connection relating to Instant Ink between

14  himself and any of the forty-nine other states or the District of Columbia.  Absent

15  such a connection, Plaintiff lacks Article III standing to assert claims—be it for

16  breach of the implied covenant or for violations of the consumer protection

17  statutes—under the laws of those 50 jurisdictions.  *See, e.g., Jones*, 400 F. Supp. 3d

18  at 909 ("The named Plaintiffs do not allege they were injured or had any pertinent

19  connection to the twenty other states invoked by the Complaint.  The named

20  Plaintiffs therefore lack standing to bring causes of action based on the laws of

21  states other than California, Florida, Michigan, Kansas, and New Hampshire.").

22          4.    *For the same reason, Plaintiff lacks statutory standing under 43*
               *of the consumer protection laws at issue.*

23

24      In the alternative to dismissing the non-New York claims for lack of Article

25  III standing, the Court should dismiss for lack of statutory standing the claims

26  asserted under the consumer protection statutes of 42 states and the District of

27

28

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
196731

1    Columbia.[6]  This is because 39 of those consumer protection statutes either

2    expressly state or have been construed by courts to apply only to residents,

3    individuals who suffer injury in the state/jurisdiction, and/or individuals whose

4    injuries are closely connected to the state/jurisdiction.  *See* Appendix C (noting

5    geographical and situational limitations of 39 consumer protection statutes at issue

6    in this case).  As to the other four consumer protection statutes, their enacting

7    states follow the presumption against extraterritoriality, which presumes state

8    statutes have no effect except within the state's own territorial limits.  *See* App. C

9    (noting four states that expressly adopt presumption when construing other state

10   statutes).

11          Here, Plaintiff alleges no connection to any of these states: he is a resident of

12   New York; alleges no injury outside of New York; and alleges no other pertinent

13   connection relating to Instant Ink between Plaintiff and any of the forty-nine other

14   states or the District of Columbia.  Compl. ¶¶ 29, 60.  Accordingly, Plaintiff does not

15   adequately plead statutory standing to assert consumer protection claims under the

16   laws of the District of Columbia or the 42 states identified above.  *See Chavez v.*

17   *Wal-Mart Stores, Inc.,* 2014 WL 12591252, at *3 (C.D. Cal. June 2, 2014)

18   (dismissing putative class action claims brought under consumer protection statutes

19   of 13 states for lack of statutory standing because "Plaintiff does not allege that her

20   purchase has any connection to any state other than California" and "[the 13] states

21   confer statutory standing only to residents, those who are injured within the state,

22   and/or those who suffer injuries that are otherwise closely connected to the state");

23   *Thomas v. Kimpton Hotel & Rest. Grp., LLC,* 2020 WL 3544984, at *5 (N.D. Cal.

24   ────────────────────────

25   [6]  Those states/jurisdictions are: Alabama, Arizona, Arkansas, Colorado,
     Connecticut, Delaware, District of Columbia, Florida, Georgia, Idaho, Illinois,
26   Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts,
     Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New
27   Hampshire, New Jersey, New Mexico, North Carolina, Ohio, Oregon,
     Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont,
28   Washington, West Virginia, Wisconsin, and Wyoming. *See* Appendix C.  HP did
     not include the states where the plaintiff and HP are located (New York and
     California).

                                              10

June 30, 2020) (where Arizona plaintiff did not plead pertinent connection to any state other than Arizona, dismissing putative class action claims brought under consumer protection statutes of five other states, none of which permits extraterritorial application of its consumer protection statute).

5. *This Court should address the standing issue now, as the majority of courts in this district have done.*

"[W]hile the Ninth Circuit has yet to weigh in, the **majority of courts** in this district have held that in a putative class action, claims arising under the laws of states in which no named plaintiff resides **should be dismissed for lack of standing at the motion to dismiss stage**"—rather than deferred to the class certification stage. *Snarr*, 2019 WL 7050149, at *8 (emphasis added); *see also Jones*, 400 F. Supp. 3d at 910–911 (surveying cases and noting that "multiple opinions issuing from district courts in the Ninth Circuit, at the pleading stage of a putative class action, have dismissed sister state claims based on the named plaintiff's standing"); *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1072 (S.D. Cal. 2020) ("Following [*Easter v. Am. W. Fin.,* 381 F.3d 948, 962 (9th Cir. 2004)], there is a growing trend among courts within the Northern, Eastern, and Southern Districts of California to address the issue of Article III standing at the pleading stage and dismiss [putative class action] claims asserted under the laws of states in which no plaintiff resides or has purchased products."). That approach makes sense: "Article III standing is a threshold issue," and "it is axiomatic that an 'Article III court must be sure of its own jurisdiction before getting to the merits.'" *Jones*, 400 F. Supp. 3d at 911 (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999)). Additionally, it conserves the parties' time and resources by eliminating needless discovery with respect to states that will never be at issue.

Indeed, even the courts in this district that consider the matter of "[w]hen to address [standing]—at the pleadings stage or class certification—[a]s one of discretion," *Soo v. Lorex Corp.*, 2020 WL 5408117, at *10 (N.D. Cal. Sept. 9, 2020),

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731

support dismissal here.  Those courts routinely exercise their discretion to dismiss putative class action claims brought under the laws of various states at the pleading stage where, as here, the plaintiff has no connection to those other states and there is substantial variation in the states' laws.  *See, e.g., Sultanis v. Champion Petfoods USA Inc.*, 2021 WL 3373934, at *7 (N.D. Cal. Aug. 3, 2021) (exercising discretion to dismiss all but California law claims at the pleading stage); *Soo*, 2020 WL 5408117, at *10 (same); *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *13 (N.D. Cal. June 2, 2021) (same).  The reason is simple: "[N]o amount of discovery will change the fact that the consumer protection laws . . . at issue here are so substantively different that it would be exceedingly difficult to certify a class that satisfies the adequacy, typicality, or predominance requirements particularly with only Ms. Sultanis at the helm." *Sultanis*, 2021 WL 3373934, at *7; *see also Soo*, 2020 WL 5408117, at *10 (noting "[p]laintiffs do not identify any discovery that might permit them to bring claims under the laws of states to which they have no connection" and "to defer ruling and permit nationwide discovery would therefore merely waste time and money").  The same applies here, as explained in Sections IV.C and IV.D, *infra*.

For the foregoing reasons, HP respectfully requests this Court dismiss *at this time* all but Plaintiff's New York law claims under Counts I and III for lack of subject matter jurisdiction (or, in the alternative, dismiss 43 of the nationwide consumer protection claims brought under Count III for lack of statutory standing).

**B.    Alternatively, the Court Should Strike the Nationwide Class Allegations in Counts I and Count III Pursuant to Rule 12(f).**

Even if Plaintiff had standing to assert the non-New York claims, this Court could not certify a nationwide class without running afoul of the Ninth Circuit's landmark decision, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).  Thus, under Rule 12(f), any allegations related to nationwide classes should be stricken.

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731

1    In *Mazza*, as here, the plaintiffs alleged the defendant had misrepresented

2  information about its products, asserting claims on behalf of a nationwide class of

3  consumers.  Applying California's choice-of-law framework, the Ninth Circuit

4  concluded each class member's consumer protection claim would be governed by the

5  consumer protection laws of the jurisdiction in which the transaction took place.  *Id.*

6  at 594.  Given the variance in state laws, the Ninth Circuit held common issues did

7  not predominate and reversed the district court's decision to certify a nationwide

8  class.  *Id.*

9    Since the *Mazza* decision, district courts similarly have applied *Mazza*'s

10  choice-of-law analysis at the pleading stage to strike nationwide class allegations.

11  *See, e.g., Phan*, 2021 WL 2224260, at *6-7 (addressing defendant's choice-of-law

12  arguments regarding plaintiff's nationwide claims at pleading stage); *Route v. Mead*

13  *Johnson Nutrition Co.*, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) (same).

14  This Court should do the same.

15       1.    *The viability of Plaintiff's flawed nationwide allegations is*
              *suitable for determination at the pleadings stage.*
16

17    Although the Ninth Circuit decided *Mazza* at the class certification stage,

18  numerous district courts have held that "'the principle articulated in *Mazza* applies

19  generally and is instructive even when addressing a motion to dismiss.'"  *Schepler v.*

20  *Am. Honda Motor Co.*, 2019 WL 398000, at 6 (C.D. Cal. Jan. 29, 2019) (quoting

21  *Frezza v. Google Inc.*, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013)); *see also*

22  *Cover v. Windsor Surry Co.*, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016)

23  (noting *Mazza* analysis is "controlling, even at the pleading phase."); *Frenzel v.*

24  *AliphCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014) (applying *Mazza* and

25  dismissing nationwide class claims at the pleading stage).  After all, "[i]f the issue is

26  purely legal in nature," it would "make little sense" to "wait until class certification

27  proceedings to resolve it given the burdens class certification and other class-related

28  discovery imposes on the parties."  *Phan*, 2021 WL 2224260, at *6-7.

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT
196731

1      The Sixth Circuit applied this same reasoning when affirming an order

2  striking nationwide allegations at the pleading stage:

3          The problem for the plaintiffs [here] is that we cannot see how
           discovery or for that matter more time would have helped them.
4          . . . The key reality remains: Their claims [for false advertising]
           are governed by different States' laws, a largely legal
5          determination, and no proffered or potential factual
           development offers any hope of altering that conclusion, one that
6          generally will preclude class certification.

7  *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).  Judge Chen

8  later agreed with the Sixth Circuit and similarly addressed the merits of the *Mazza*

9  argument **at the pleadings stage**:

10         The Court agrees with the Sixth Circuit's comments in *Pilgrim*,
11         and therefore addresses the merits of Sargento's position – i.e.,
           that the law on unjust enrichment and the law on breach of
12         express warranty vary too much from state to state such that
           individualized issues predominate and that is a matter suitable
13         for determination at this stage.

14

15  *Phan*, 2021 WL 2224260, at *7.

16      The same is true here.  Determining the viability of Plaintiff's Nationwide

17  Class allegations does not require voluminous discovery.  Whether the relevant law

18  varies from state to state is a purely legal issue.  The viability of Plaintiff's

19  nationwide claims is thus ripe for decision.  To "defer ruling and permit nationwide

20  discovery would therefore merely waste time and money."  *Phan*, 2021 WL 2224260,

21  at *7 (quoting *Soo*, 2020 WL 5408117 at *10).

22          2.    *Application of fifty states' laws defeats predominance and*
                  *precludes certification of a nationwide class for breach of the*
23                *implied covenant of good faith and fair dealing.*

24      As discussed in Section III(A)(2), *supra*, both *Nedlloyd* and the government

25  interest test require application of all 50 states' laws and that of the District of

26  Columbia to Plaintiff's Claims.  Where, as here, each state's law applies to the

27  purported nationwide claims for breach of contract, there can be no predominance

28  or commonality and—therefore—no Nationwide Class.  *See Mazza*, 666 F.3d at 596

                                          14

1   ("Because the law of multiple jurisdictions applies here to any nationwide class of

2   purchasers, . . . variances in state law overwhelm common issues and preclude

3   predominance for a single nationwide class.").

4       The Court need not consider this issue anew.  In *Lane v. Wells Fargo Bank*,

5   *N.A.*, 2013 WL 3187410, at *4 (N.D. Cal. June 21, 2013) (*Lane II*) Judge Alsup

6   denied the plaintiffs' motion to certify nationwide claims for breach of the implied

7   covenant of good faith and fair dealing in part because the forum-selection clause

8   implicated the significantly different law of all fifty states.  *See also Sateriale v. RJ*

9   *Reynolds Tobacco Co.*, 2014 WL 7338877, at *12 (C.D. Cal. Dec. 19, 2014) (refusing

10  to certify nationwide class for plaintiffs' breach of contract claim because defendant

11  "pointed to material differences in state contract law, particularly with regard to

12  the implied covenant of good faith—the existence and interpretation of which

13  controls the determination of whether RJR breached the contract"); *Makaeff v.*

14  *Trump Univ., LLC*, 2014 WL 688164, at *18 (S.D. Cal. Feb. 21, 2014) ("[D]ifferences

15  in the law and the facts relating to the claims for breach of contract and breach of

16  covenant of good faith and fair dealing defeat the predominance that is required to

17  certify a class").  Differences in state law include:[7]

18      **Viability of the Claim.**  In some states, not all contracts contain an implied

19  covenant of good faith.  *Sateriale*, 2014 WL 7338877, at *11 (citation omitted); *see*

20  *also Bank One, Texas N.A. v. Stewart*, 967 S.W.2d 419, 441 (Tex. App. 1998)

21  ("Texas law, however, does not recognize an implied duty of good faith and fair

22  dealing in every contract or business transaction."); *Allison v. Union Hosp., Inc.*, 883

23  N.E.2d 113, 123 (Ind. Ct. App. 2008) ("Indiana courts have recognized an implied

24  covenant of good faith and fair dealing in contract law, but generally only in limited

25  circumstances involving employment contracts and insurance contracts."); App. A

26

27

28    [7]   Appendix A provides a survey of the differences in the law of implied covenant of
     good faith and fair dealing across all fifty states.

15

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

(surveying the 50 states' laws on breach of implied covenant of good faith and fair dealing).

**Degree of Discretion**. The extent to which a state will honor "sole discretion" clauses under the implied covenant of good faith varies by state. Missouri and Iowa confer only limited discretion. *CitiMortgage, Inc. v. Just Mortg., Inc.*, 2012 WL 1060122, at *15 (E.D. Mo. Mar. 29, 2012) ("Where one party has discretionary power, the covenant precludes exercise of that power 'to deprive the other party of the benefit of the contractual relationship or evade the spirit of the bargain.'"); *Midwest Mgmt. Corp. v. Stephens*, 291 N.W.2d 896, 913 (Iowa 1980) (concluding contract affording one of the parties "sole discretion" to terminate contract required party "to exercise that discretion in a reasonable manner on the basis of fair dealing and good faith"). In contrast, Arkansas and Alabama do not limit a party's "sole discretion." *Yarborough v. DeVilbiss Air Power, Inc.*, 321 F.3d 728, 733 (8th Cir. 2003) ("[I]n no situation can the implied covenant of good faith and fair dealing limit the way in which a party exercises its discretion when the aggrieved party has specifically disavowed any limitations on that discretion.") (applying Arkansas law); *Shoney's LLC v. MAC E., LLC*, 27 So. 3d 1216, 1220 (Ala. 2009) ("'[S]ole discretion' means an absolute reservation of a right. It is not mitigated by an implied covenant of good faith."). *See also* App. A.

**Scienter**. The degree of scienter necessary for culpability for breach of the implied covenant also varies significantly across states. *E.g.*, *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001) (requiring bad motive or intention to hold party liable for breach of implied covenant where that party was vested with discretionary decision making); *Vila & Son Landscaping Corp. v. Posen Const., Inc.*, 99 So. 3d 563, 567 (Fla. Dist. Ct. App. 2012) (noting breach of implied covenant claim does not require subjective bad faith); *T.W. Nickerson, Inc. v. Fleet Nat'l Bank*, 924 N.E.2d 696, 706 (Mass. 2010) (holding defendant's motive must be to

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

1  "affect negatively the plaintiff's rights under the [contract]"). These variations are

2  material. *Sateriale*, 2014 WL 7338877, at *12; *see also* App. A.

3          3.      *The Court should strike the nationwide class allegations*
               *pertaining to violations of consumer protection statutes (Count*
4               *III) because material differences in these laws defeat*
               *predominance and preclude certification of a nationwide class.*
5

6          Plaintiff's state consumer protection claims on behalf of the Nationwide Class

7  suffer from the same defect—there are material differences among the consumer

8  protection statutes of the fifty states precluding commonality and predominance.

9  Once again, this court need not consider this issue anew—it need only believe the

10  Ninth Circuit. *Mazza*, 666 F.3d at 585 ("[T]here are material differences between

11  California law and the consumer protection laws of the 43 other jurisdictions" which

12  preclude class certification). These differences include[8]:

13          **Scienter**. While California's UCL, for instance, has no scienter requirement,

14  *Lazebnik v. Apple, Inc.*, 2014 WL 4275008, at *7 (N.D. Cal. Aug. 29, 2014), many

15  other states' consumer protection statutes do. *See Mazza*, 666 F.3d at 591 (citing

16  N.J. Stat. Ann. § 56:8-2 (knowledge and intent for omissions) and *Debbs v. Chrysler*

17  *Corp.*, 810 A.2d 137, 155 (Pa. Super. 2002) (knowledge or reckless disregard));

18  *Griffin v. Universal Gas Co.*, 654 N.E.2d 694, 700-01 (Ill. App. Ct. 1995) (one must

19  intend to induce reliance under Illinois law); *Cocroft v. HSBC Bank USA, N.A.*, 796

20  F.3d 680, 687 (7th Cir. 2015) (same). "This difference is material." *Schepler*, 2019

21  WL 398000, at *6; *see also Mazza*, 666 F.3d at 591 ("In cases where a defendant

22  acted without scienter, a scienter requirement will spell the difference between the

23  success and failure of a claim."); *see also* App. B (surveying consumer protection

24  laws of the 50 states).

25          **Reliance**. Reliance is another element that varies wildly across the states.

26  Liability for misrepresentation under California's laws (UCL, CLRA and FAL), for

27

28  ───────────────
    [8]  Appendix B provides a survey of the differences in consumer protection statutes
         across all fifty states.

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731

example, cannot be imposed without the plaintiff's actual reliance. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011) ("[A] plaintiff proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements.") (internal quotation marks omitted).  New York's consumer protection laws vary regarding the reliance requirement.  *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) ("Unlike a private action brought under § 350, a private action brought under § 349 does not require proof of actual reliance.") (citation omitted).  Illinois, Florida, and New Jersey's consumer protection statutes likewise do not require reliance.  *Cocroft*, 796 F.3d at 687 (7th Cir. 2015) ("A showing of actual reliance is not required" under the Illinois Consumer Fraud and Deceptive Business Practices Act); *Egwuatu v. South Lubes, Inc.*, 976 So.2d 50, 53 (Fla. App. 2008) ("[P]laintiffs need not prove reliance to establish a claim under [the Florida Deceptive and Unfair Trade Practices Act]."); *Dabush v. Mercedes-Benz USA, LLC*, 874 A.2d 1110, 1121 (N.J. Super. App. Div. 2005) ("[T]he element of traditional reliance required in a fraud case need not be proven in order to recover damages under the CFA.").  Again, this difference is material.  *Mazza*, 666 F.3d at 591 ("[I]n cases where a plaintiff did not rely on an alleged misrepresentation, the reliance requirement will spell the difference between the success and failure of the claim"); *see also* App. B.

**Pre-Suit Notice**.  State consumer protection statutes also vary in terms of their pre-suit notice requirements.  For example, the Maine Unfair Trade Practices Act and the Massachusetts Consumer Protection Act both require a written demand to be delivered at least 30 days prior to filing suit.  5 M.R.S.A. § 205-(A); M.G.L.A. § 93(A).  Likewise, the California CLRA requires thirty-day pre-suit notice, as well as an opportunity to cure.  Cal. Civ. Code § 1782.  Alabama requires a written demand for relief as well, but it must be served fifteen days prior to filing suit. *Deerman v. Fed. Home Loan Mortg. Corp.*, 955 F. Supp. 1393, 1400 (N.D. Ala. 1997), *aff'd sub nom. Deerman v. Fed. Home Loan Mortg.*, 140 F.3d 1043 (11th Cir.

18

1   1998) (citing Ala. Code. § 8-19-10(e)).  In contrast, states such as Illinois and

2   Michigan have no notice requirement.  815 Ill. Comp. Stat. Ann. 501/1 et seq.; Mich.

3   Comp. Laws. Ann. §§ 445.901 et seq.; *see also* Appx. B.  "This difference is material

4   because it is an essential element or affirmative defense to the claim, and it can

5   spell the difference between success and failure."  *Schepler*, 2019 WL 398000, at *7.

6       **Remedies**.  In addition to the differences in the *prima facie* elements of the

7   various state statutes, there are material differences in the remedies provided

8   thereunder.  The California UCL limits relief to injunctive relief and restitution and

9   does not allow for damages or attorneys' fees.  *Cel-Tech Commc'ns, Inc. v. Los*

10  *Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999).  Under Illinois' consumer

11  protection law, actual damages and attorneys' fees may be available to the

12  prevailing party.  815 Ill. Comp. Stat. Ann. 505/10a.  New Jersey permits treble

13  damages and equitable relief.  N.J. Stat. Ann. 56:8-19.  In contrast, Michigan's

14  consumer protection statute limits recovery to actual damages.  Mich. Comp. Laws

15  Ann. § 445.911(1)-(3).  Thus, the "remedies permitted by other states vary and may

16  depend on the wilfulness of the defendant's conduct."  *Mazza*, 666 F.3d at 591; *see*

17  *also Littlehale v. Hain Celestial Grp., Inc.*, 2012 WL 5458400, at *2 (N.D. Cal.

18  July 2, 2012) ("*Mazza* found that differences in remedies can constitute material

19  differences."); App. B.

20      **Conclusion**.  Because the divergent laws of the fifty states apply to all claims

21  of the putative Nationwide Classes, as in *Mazza*, variances in state law would

22  "overwhelm common issues" if Plaintiff were permitted to proceed with their

23  nationwide class allegations.  *Mazza*, 666 F.3d at 596.  No discovery will alter this

24  conclusion.  *Zinser v. Accufix Rsch. Ins., Inc.*, 253 F.3d 1180, 1189 (9th Cir.), *opinion*

25  *amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) ("[W]here the applicable

26  law derives from the law of the 50 states, as opposed to a unitary federal cause of

27  action, differences in state law will 'compound the [] disparities' [sic] among class

28  members from the different states.") (citing *Chin v. Chrysler Corp.*, 182 F.R.D. 448,

453 (D.N.J. 1998) (collecting cases)); *see also Pilgrim*, 660 F.3d at 946-49 (affirming order striking nationwide allegations because different state laws governed class members' claims and "no proffered or potential factual development offer[ed] any hope of altering that conclusion").

A Nationwide Class thus cannot be certified.  *See Route*, 2013 WL 658251, at *8; *Phan*, 2021 WL 2224260, at *7; *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *15 (N.D. Cal. Aug. 15, 2016); *Glenn v. Hyundai Motor Am.*, 2016 WL 3621280, at *10 n.9 (C.D. Cal. June 24, 2016); *Banh v. Am. Honda Motor Co., Inc.*, 2020 WL 4390371, at *13 (C.D. Cal. July 28, 2020).  Accordingly, any allegations relating to a nationwide class should be stricken.

## IV.   CONCLUSION

Plaintiff, a New York resident, purchased a printer in New York and received ink at his New York residence pursuant to the terms of the Instant Ink program. He lacks standing to pursue claims under the law of any other state.  Accordingly, the Court should dismiss Plaintiff's non-New York claims under Counts I and III pursuant to Rule 12(b)(1) and/or 12(b)(6).

Even if Plaintiff had standing, the material differences among the laws of the fifty states ensure the prevalence of individualized inquiries over common issues, thereby defeating predominance.  Therefore, in the alternative, the Court should strike Plaintiff's Nationwide Class allegations under Counts I and III under Rule 12(f).

Dated:  August 30, 2021                         DTO LAW


By:   */s/ Megan O'Neill*
     Megan O'Neill
     William A. Delgado
     Prachi V. Mehta
     David Ramirez-Galvez

     Attorneys for Defendant HP Inc.

DEFENDANT HP INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT

196731