Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
Prachi V. Mehta (SBN 332350)
  pmehta@dtolaw.com
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063
Telephone: (415) 630-4100
Facsimile: (415) 630-4105

Justin T. Goodwin (SBN 278721)
  jgoodwin@dtolaw.com
David Ramirez-Galvez (SBN 313544)
  dramirezgalvez@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Attorneys for Defendant
HP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| RADEK BARNERT, individually and on behalf of all others similarly situated, | Case No.:   5:21-CV-05199-SVK<br>Hon. Susan van Keulen |
| Plaintiff, | |
| v. | **DEFENDANT HP INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |
| HP, INC. d/b/a/ HP COMPUTING AND PRINTING INC., a Delaware Corporation, | |
| | **DEMAND FOR JURY TRIAL** |
| Defendant. | |
| | Action Filed: July 6, 2021 |

Defendant HP Inc. ("HP"), by and through counsel of record, hereby responds to Plaintiff Radek Barnert's ("Plaintiff") First Amended Complaint ("FAC") as follows:

## NATURE OF THE ACTION

1.      HP admits the website https://instantink.hpconnected.com/us/en/1/ currently includes the phrase "never run out" in HP Instant Ink advertisements, subject to a disclosure specifying the phrase "never run out" is based on plan usage, internet connection to an eligible printer, a valid payment method, an email address, and delivery service in the subscriber's geographic area.  HP admits the Best Buy website cited in footnote 1 currently includes the phrase: "It's a smart ink subscription that delivers ink the moment you need it for up to 50% less."  HP denies the remaining allegations in paragraph 1.

2.      HP denies the allegation as stated and admits only that when one enrolls in an HP Instant Ink Plan, one pays a monthly fee to print a set number of pages per month.  HP also admits the HP Instant Ink plans are based on the number of pages that one prints, not on how many ink cartridges one uses.  HP further admits HP monitors the ink levels of one's enrolled printer, so HP will know when to send more ink.  HP finally admits that, in order to sign up for HP Instant Ink: (a) one needs an eligible HP printer; (2) one's printer must be connected to the Internet; (c) one needs a valid email address; and (d) one needs a valid credit card or debit card (for billing purposes).  Except as expressly admitted, HP denies the allegations in paragraph 2.

3.      HP admits HP currently offers five HP Instant Ink plans, ranging from 15 pages per month to 700 pages per month, subject to specific Terms of Service. HP denies the remaining allegations in paragraph 3.

4.      HP denies the allegations in paragraph 4.

5.      HP admits the website https://instantink.hpconnected.com/us/en/1/ currently includes the words, "Your subscription includes ink or toner, hassle-free

delivery, and prepaid recycling."  HP also admits the Best Buy website cited in footnote 3 currently includes the words: "Drop used cartridges in HP's prepaid envelope. They'll handle the rest."  HP denies the remaining allegations in paragraph 5.

6.    HP denies the allegations in paragraph 6.

7.    HP admits that Instant Ink ink cartridges can only be used in Instant Ink-compatible printers.  Except as expressly admitted, HP denies the allegations in paragraph 7.

8.    HP admits it does not incorrectly state in its marketing materials that Instant Ink subscribers can only use ink cartridges supplied through an Instant Ink subscription in their printers.  Except as expressly admitted, HP denies the allegations in paragraph 8.

9.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 regarding what should or should not matter in theory, and therefore denies those allegations.  HP denies the remaining allegations in paragraph 9.

10.    HP denies the allegations in paragraph 10.

11.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding every single Instant Ink subscriber's individual experience and therefore denies them.  HP denies the remaining allegations in paragraph 11.

12.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding Plaintiff's experience and every single Instant Ink subscriber's individual experience and therefore denies them. HP denies the remaining allegations in paragraph 12.

13.     HP denies the allegations in paragraph 13 as stated and admits only that when one cancels an Instant Ink subscription, one cannot use Instant Ink

1    subscription cartridges to print after the subscription ends. Except as expressly

2    admitted, HP denies the allegations in paragraph 13.

3            14.    HP denies the allegations in paragraph 14.

4            15.    HP admits that the website

5    https://instantink.hpconnected.com/us/en/1/ currently includes the words, "Chance

6    or cancel anytime: Change or cancel your plan at any time online.  If you decide to

7    cancel your HP Instant Ink plan you can go back to using HP original Standard or

8    XL cartridges."  HP further admits that, when one cancels an Instant Ink

9    subscription, one cannot use Instant Ink subscription cartridges to print after the

10   subscription ends.  Except as expressly admitted, HP denies the allegations in

11   paragraph 15.

12           16.    HP denies the allegations in paragraph 16.

13           17.    HP denies the allegations in paragraph 17.

14           18.    HP denies the allegations in paragraph 18.

15           19.    HP lacks knowledge or information sufficient to form a belief as to the

16   truth of the allegations in paragraph 19 regarding the motivations of every single

17   Instant Ink subscriber who subscribes to the HP Instant Ink program and therefore

18   denies those allegations.  HP denies the remaining allegations in paragraph 19.

19           20.    HP denies the allegations in paragraph 20.

20           21.    HP denies the allegations in paragraph 21.

21           22.    HP denies the allegations in paragraph 22.

22           23.    HP denies the allegations in paragraph 23.

23           24.    HP lacks knowledge or information sufficient to form a belief as to

24   what is "likely true" regarding every single Instant Ink subscriber's individual

25   experience and therefore denies them.  HP denies the remaining allegations in

26   paragraph 24.

27           25.    HP denies the allegations in paragraph 25.

28

DEFENDANT HP INC.'S ANSWER TO FIRST AMENDED COMPLAINT
212930

1    26.    HP admits the website https://instantink.hpconnected.com/us/en/1/

2  currently includes the words, "This means fewer cartridges travel shorter distances

3  and require less packages, allowing us to pass savings on to you."  HP denies the

4  remaining allegations in paragraph 26.

5    27.    HP lacks knowledge or information sufficient to form a belief as to the

6  truth of the allegations in paragraph 27 regarding what actions Plaintiff and the

7  putative class members would have taken and therefore denies those allegations.

8  HP denies the remaining allegations in paragraph 27.

9    28.    HP denies the allegations in paragraph 28.

10                          **PARTIES**

11    29.    HP lacks knowledge or information sufficient to form a belief as to the

12  truth of the allegations in Paragraph 29 and therefore denies them.

13    30.    HP admits that its state of incorporation is Delaware, and that its

14  executive offices are located at 1501 Page Mill Road, Palo Alto, California.  Except

15  as expressly admitted, HP denies the allegations in paragraph 30.

16                    **JURISDICTION AND VENUE**

17    31.    HP lacks knowledge or information sufficient to form a belief as to the

18  truth of the allegations in paragraph 31 and therefore denies them.

19    32.    HP admits that it maintains executive offices located at 1501 Page Mill

20  Road, Palo Alto, California and that this Court has personal jurisdiction over HP.

21  HP denies the remaining allegations in paragraph 32.

22    33.    HP admits that it maintains executive offices located at 1501 Page Mill

23  Road, Palo Alto, California and that venue is proper in this district.  HP denies the

24  remaining allegations in paragraph 33.

25                    **INTRADISTRICT ASSIGNMENT**

26    34.    HP denies the allegations in paragraph 34.

27

28

1

## COMMON FACTUAL ALLEGATIONS

2      35.     HP admits that it is one of the largest sellers of home, office, and

3  enterprise printers in the United States, and that it sells cartridges for its printers.

4  Except as expressly admitted, HP denies the allegations in paragraph 35.

5      36.     HP denies the allegations in paragraph 36 as stated and admits only

6  that it reported $12,921 million in net revenue for "Supplies" for the fiscal year that

7  ended October 31, 2019, as stated in its 2019 Form 10-K.  HP further admits that it

8  reported $4,612 million in net revenue for "Commercial Hardware" and $2,533

9  million in net revenue for "Consumer Hardware" in the fiscal year that ended

10  October 31, 2019, as stated in its 2019 Form 10-K.  Except as expressly admitted,

11  HP denies the allegations in paragraph 36.

12      37.     To the extent the allegations in this paragraph purport to summarize

13  or state language contained in the articles cited in footnotes 10 and 11, the articles

14  speak for themselves.  HP denies the remaining allegations in paragraph 37.

15      38.     HP lacks knowledge or information sufficient to form a belief as to the

16  truth of the allegations in paragraph 38 and therefore denies them.

17      39.     The allegations in paragraph 39 purport to summarize or state

18  language contained in the article cited in footnote 11, the article speaks for itself.

19  HP denies the remaining allegations in paragraph 39.

20      40.     HP admits that the HP 2019 Form 10-K cited in footnote 15 includes

21  the words, "In addition, independent suppliers offer non-original supplies (including

22  imitation, refill and remanufactured alternatives), which are often available for

23  lower prices but which can also offer lower print quality and reliability compared to

24  HP original inkjet and toner supplies."  HP also admits that the HP 2019 Form 10-

25  K cited in footnote 15 includes the words, "Net revenue for Supplies increased 8.4%

26  as compared to the prior-year period, including the acquisition of Samsung's printer

27  business."  HP denies the remaining allegations in paragraph 40.

28      41.     HP denies the allegations in paragraph 41.

42.     HP admits that Instant Ink is a successful subscription service that is popular with Instant Ink subscribers.  HP denies the allegations in paragraph 42.

43.     The allegations in this paragraph purport to summarize or state language contained in the articles cited in footnotes 17 and 18, the articles speak for themselves.

44.     The allegations in this paragraph purport to summarize or state language contained in the articles cited in footnotes 19 and 20, which speak for themselves.

45.     HP admits that the "HP Inc. (HPQ) Q2 Earnings Call Transcript," cited in footnote 21 includes the words, "And as we get into the full year, we do expect that margins to be slightly above the high end of our range of 3.5% to 5.5% and it's going to be driven by the themes that you're hearing today, particularly around those continued shortages in commodities and that's obviously sort of transforming into higher component costs and then knock on cost and logistics."  HP denies the remainder of the allegations in paragraph 45.

46.     HP admits the website https://instantink.hpconnected.com/us/en/1/ currently includes the words "never run out" in connection with HP Instant Ink, subject to a disclosure specifying the phrase "never run out" is based on plan usage, internet connection to an eligible printer, a valid payment method, an email address, and delivery service in the subscriber's geographic area.  HP also admits the website https://instantink.hpconnected.com/us/en/1/ currently includes the words "Original HP ink or toner"; "Hassle-free delivery and recycling"; "Flexible plan options, starting at $1.99 per month" in connection with describing the Instant Ink program.  HP further admits the website https://instantink.hpconnected.com/us/en/1/ currently includes the words, "When ink or toner levels are low, we automatically ship a new cartridge.  Cartridges are shipped before you need them, so you never run out."  HP finally admits that the website https://instantink.hpconnected.com/us/en/1/ currently includes the words,

1   "Print a little or a lot—there's an option for everyone.  Your subscription includes

2   ink or toner, hassle-free delivery, and prepaid recycling."  HP denies the remaining

3   allegations in paragraph 46.

4         47.    HP admits the Best Buy website cited in footnote 23 currently includes

5   the words: "Never run out: Based on plan usage, internet connection to eligible HP

6   printer, valid credit/debit card, email address, and delivery service in your

7   geographic area."  HP also admits the Best Buy website cited in footnote 23

8   currently includes the words: "With HP Instant Ink, you'll get ink or toner, plus

9   hassle-free delivery and recycling – all starting at $0.99 per month."  HP further

10  admits the Best Buy website cited in footnote 23 currently includes the words: "It's

11  a smart ink subscription that delivers ink the moment you need it for up to 50%

12  less."  HP also admits the Best Buy website cited in footnote 23 currently includes

13  the words: "Never run out.  Your printer lets HP know when it's running low on ink

14  and they'll send ink or toner before you run out."  HP further admits the Best Buy

15  website cited in footnote 23 currently includes the words: Hassle-free recycling.

16  Drop used cartridges in HP's prepaid envelope.  They'll handle the rest."  HP finally

17  admits the Best Buy website cited in footnote 23 currently includes the words: "Q:

18  What do I get? A: Once enrolled, you'll receive a Welcome Kit delivered to your door.

19  The ink or toner cartridge you receive is special and only works with HP Instant

20  Ink.  Your next shipment of ink or toner will be sent only when ink or toner levels

21  are low, not monthly.  No need to worry, because your printer drops us a note and

22  your next set of cartridges will be automatically dispatched.  Simply return the old

23  cartridges with prepaid recycling."  HP denies the remaining allegations in

24  paragraph 47.

25        48.    HP denies the allegations in paragraph 48.

26        49.    HP denies the allegations in paragraph 49.

27        50.    HP lacks knowledge or information sufficient to form a belief as to the

28  truth of the allegations in paragraph 50 regarding every single Instant Ink

1    subscriber's individual experience and therefore denies the allegations in paragraph

2    50.

3         51.    HP lacks knowledge or information sufficient to form a belief as to the

4    truth of the allegations in paragraph 51 regarding every single Instant Ink

5    subscriber's individual experience and therefore denies the allegations in paragraph

6    51.

7         52.    HP denies the remaining allegations in paragraph 52.

8         53.    HP denies the allegations in paragraph 53.

9         54.    HP denies the allegations in paragraph 54.

10        55.    HP admits the website https://instantink.hpconnected.com/us/en/1/

11   currently includes the words, "Your subscription includes ink or toner, hassle-free

12   delivery, and prepaid recycling."  HP denies the remaining allegations in paragraph

13   55.

14        56.    HP admits the website https://instantink.hpconnected.com/us/en/1/

15   uses the sentence, "Your subscription includes ink or toner, hassle-free delivery, and

16   prepaid recycling."  HP denies the remaining allegations in paragraph 56.

17        57.    HP denies the allegations in paragraph 57.

18        58.    HP denies the allegations in paragraph 58.

19        59.    HP denies the allegations in paragraph 59.

20                    **FACTS SPECIFIC TO RADEK BARNERT**

21        60.    HP lacks knowledge or information sufficient to form a belief as to the

22   truth of the allegations in paragraph 60 and therefore denies them.

23        61.    HP lacks knowledge or information sufficient to form a belief as to the

24   truth of the allegations in paragraph 61 and therefore denies them.

25        62.    HP lacks knowledge or information sufficient to form a belief as to the

26   truth of the allegations in paragraph 62 and therefore denies them.

27        63.    HP denies the allegation that it made "representations" on Best Buy's

28   website. HP lacks knowledge or information sufficient to form a belief as to the

1   truth of the allegations in paragraph 63 regarding what Plaintiff saw and relied on,

2   and therefore denies them.  HP denies the remaining allegations in paragraph 63.

3       64.    HP admits only that the HP Instant Ink Terms of Service states, in

4   part: "HP will thereafter send You additional Subscription cartridges to allow for

5   Your continued printing through the Service."  HP lacks knowledge or information

6   sufficient to form a belief as to the truth of the allegations in paragraph 64

7   regarding what Plaintiff chose to do, and therefore denies them.  HP denies the

8   remaining allegations in paragraph 64.

9       65.    HP lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations in paragraph 65 and therefore denies them.

11      66.    HP admits Plaintiff contacted HP in April 2021 and May 2021, stating

12   he was unable to print using his HP Instant Ink cartridge and his printer was

13   displaying an error message indicating his ink cartridge could not be used until it

14   was enrolled in HP Instant Ink.  HP lacks knowledge or information sufficient to

15   form a belief as to the truth of the remaining allegations in paragraph 66 and

16   therefore denies them.

17      67.    HP admits it shipped Instant Ink ink cartridges to Barnert on multiple

18   occasions.  HP lacks knowledge or information sufficient to form a belief as to the

19   truth of the allegations in paragraph 67 and therefore denies them.

20      68.    HP lacks knowledge or information sufficient to form a belief as to the

21   truth of the allegations in paragraph 68 and therefore denies them.

22      69.    HP admits Plaintiff contacted in April 2021 and May 2021, stating he

23   was unable to print using his HP Instant Ink cartridge and his printer was

24   displaying an error message indicating his ink cartridge could not be used until it

25   was enrolled in HP Instant Ink.  HP further admits it shipped Instant Ink ink

26   cartridges to Barnert on multiple occasions.  HP lacks knowledge or information

27   sufficient to form a belief as to the truth of the remaining allegations in paragraph

28   69 and therefore denies them.

1    70.    HP admits Plaintiff contacted HP in April 2021 and May 2021, stating

2 he was unable to print using his HP Instant Ink cartridge and his printer was

3 displaying an error message indicating his ink cartridge could not be used until it

4 was enrolled in HP Instant Ink.  HP further admits it shipped Instant Ink ink

5 cartridges to Barnert on multiple occasions.  HP lacks knowledge or information

6 sufficient to form a belief as to the truth of the remaining allegations in paragraph

7 70 and therefore denies them.

8    71.    HP lacks knowledge or information sufficient to form a belief as to the

9 truth of the allegations in paragraph 71 and therefore denies them.

10    72.    HP lacks knowledge or information sufficient to form a belief as to the

11 truth of the allegations in paragraph 72 and therefore denies them.

12    73.    HP denies the allegations in paragraph 73.

13    74.    HP admits HP ink cartridges are sold in retail stores throughout the

14 United States.  HP lacks knowledge or information sufficient to form a belief as to

15 the truth of the allegations regarding Mr. Barnert's residency or his access to retail

16 stores and therefore denies them.  HP denies the remaining allegations in

17 paragraph 74.

18    75.    HP denies the allegations in paragraph 75.

19    76.    HP denies the allegations in paragraph 76.

20    77.    HP lacks knowledge or information sufficient to form a belief as to the

21 truth of the allegations in paragraph 77 and therefore denies them.

22    78.    HP denies the allegations in paragraph 78.

23    79.    HP denies the allegations in paragraph 79.

24    80.    HP lacks knowledge or information sufficient to form a belief as to the

25 truth of the allegations in paragraph 80 regarding what Plaintiff chose to do or why

26 and therefore denies them.  HP denies the remaining allegations in paragraph 80.

27

28

1    81.    HP lacks knowledge or information sufficient to form a belief as to the

2   truth of the allegations in paragraph 81 regarding what Plaintiff believed, and

3   therefore denies them.  HP denies the remaining allegations in paragraph 81.

4    82.    HP denies the allegations in paragraph 82.

5    83.    HP lacks knowledge or information sufficient to form a belief as to the

6   truth of the allegations in paragraph 83 regarding Plaintiff's beliefs or motivations

7   and therefore denies those allegations.  HP denies the remaining allegations in

8   paragraph 83.

9    84.    HP admits that Plaintiff seeks the relief identified in paragraph 84 on

10   behalf of himself and on behalf of the putative class members but denies that

11   Plaintiff or any putative class members are entitled to any relief.  Except as

12   expressly admitted, HP denies the allegations in paragraph 84.

13                 **COMPLAINTS FROM PUTATIVE CLASS MEMBERS**

14    85.    To the extent the allegations in this paragraph purport to summarize

15   or state language contained in the message boards and Internet forums cited in

16   footnotes 29 through 31, the message boards and Internet forums speak for

17   themselves.  HP lacks knowledge or information sufficient to form a belief as to the

18   truth of the remaining allegations in paragraph 85 and therefore denies them.

19                      **CLASS ALLEGATIONS**

20    86.    HP admits that Plaintiff purports to bring this action individually and

21   on behalf of two putative classes.  Except as expressly admitted, HP denies the

22   allegations in paragraph 86 and further denies that certification of any proposed

23   class is appropriate.

24    87.    HP admits that Plaintiff purports to exclude the specified groups of

25   people and entities from the putative classes.  Except as expressly admitted, HP

26   denies the allegations in paragraph 87 and further denies that certification of any

27   proposed class is appropriate.

28

88.     HP admits that Plaintiff purports to reserve the ability to modify his proposed class definitions.  Except as expressly admitted, HP denies the allegations in paragraph 88 and further denies that certification of any proposed class is appropriate.

89.     HP denies the allegations in paragraph 89.

90.     HP admits that it earned approximately $12.9 billion and $7.1 billion in revenue in fiscal year 2019 in connection with the sale of certain supplies and hardware, respectively.  HP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 90 regarding Plaintiff's knowledge about the size of the putative class, and therefore denies that allegation. HP denies the remaining allegations in paragraph 90.

91.     HP denies the allegations in paragraph 91.

92.     HP denies the allegations in paragraph 92.

93.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 regarding Plaintiff or his counsel's interests, competency, experience, or commitments, and therefore denies those allegations.  HP denies the remaining allegations in paragraph 93.

94.     HP denies the allegations in paragraph 94.

95.     HP denies the allegations in paragraph 95.

96.     HP denies the allegations in paragraph 96.

97.     HP denies the allegations in paragraph 97.

## COUNT I

### Breach of Contract – Based on the Implied Covenant of Good Faith and Fair Dealing (On Behalf of Plaintiff and the Classes)

98.     No responsive pleading is required for the allegations in paragraph 98. HP hereby incorporates by reference its responses to paragraphs 1–97 as if fully set forth herein.

99.     HP admits that it offers Instant Ink ink subscriptions.  Except as expressly admitted, HP denies the allegations in paragraph 99.

100.   HP admits that it offers Instant Ink ink subscriptions and that Plaintiff and putative class members enrolled in Instant Ink.  HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies them.

101.   HP admits it states: (a) "HP will thereafter send You additional Subscription cartridges to allow for Your continued printing through the Service[;]" and (b) "Your subscription includes ink or toner, hassle-free delivery, and prepaid recycling."  HP further admits that, except for free trials of Instant Ink and certain promotional offers, an Instant Ink subscription is not free.  The allegations regarding consideration and contractual obligations are conclusions of law to which no responsive pleading is required, and which are therefore denied.  HP denies the remaining allegations in paragraph 101.

102.   HP admits that some HP printers are sold with prepaid, two-year Instant Ink subscriptions.  Except as expressly admitted, HP denies the allegations in paragraph 102.

103.   The allegations of paragraph 103 are conclusions of law to which no responsive pleading is required, and which are therefore denied.

104.   The allegations of paragraph 104 are conclusions of law to which no responsive pleading is required, and which are therefore denied.

105.   HP admits the website https://instantink.hpconnected.com/us/en/1/ uses the phrase "never run out" in HP Instant Ink advertisements, subject to a disclosure specifying the phrase "never run out" is based on plan usage, internet connection to an eligible printer, a valid payment method, an email address, and delivery service in the subscriber's geographic area.  HP further admits the HP Instant Ink Terms of Service states: "HP will thereafter send You additional Subscription cartridges to allow for Your continued printing through the Service." HP denies the remaining allegations in paragraph 105.

106.   The allegations of paragraph 106 are conclusions of law to which no responsive pleading is required, and which are therefore denied.

107.   The allegations of paragraph 107 regarding the implied covenant of good faith and fair dealing and contractual obligations are conclusions of law to which no responsive pleading is required, and which are therefore denied.

108.   The allegations of paragraph 108 are conclusions of law to which no responsive pleading is required, and which are therefore denied.

109.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies them.

110.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies them.

111.   HP denies the allegations in paragraph 111.

112.   HP denies the allegations in paragraph 112.

113.   HP denies the allegations in paragraph 113.

114.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 regarding any customer's purpose for enrolling in HP Instant Ink, and therefore denies them. HP denies the remaining allegations in paragraph 114.

115.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 regarding Plaintiff's and the putative class members' expectations, and therefore denies them.  HP denies the remaining allegations in paragraph 115.

116.   HP denies the allegations in paragraph 116.

117.   HP admits that Plaintiff purports to seek the relief identified in paragraph 117 on behalf of himself and the putative classes.  Except as expressly admitted, HP denies the allegations in paragraph 117.

## COUNT II

### Violation of New York General Business Law § 349
### (On Behalf of Plaintiff and the Classes)

118.    No responsive pleading is required for the allegations in paragraph 118.  HP hereby incorporates by reference its responses to paragraph 1 through 97 as if fully set forth herein.

119.    The allegations in paragraph 119 contain a quotation and summary of the law to which no responsive pleading is required.

120.    HP denies the allegations in paragraph 120.

121.    HP denies the allegations in paragraph 121.

122.    HP denies the allegations in paragraph 122.

123.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 regarding what Plaintiff and the putative class members read, saw, and understood, and therefore denies them.  HP denies the remaining allegations in paragraph 123.

124.    HP denies the allegations in paragraph 124.

125.    HP denies the allegations in paragraph 125.

126.    HP denies the allegations in paragraph 126.

127.    HP admits that Plaintiff seeks the relief identified in paragraph 127 on behalf of himself and the putative classes.  Except as expressly admitted, HP denies the allegations in paragraph 127.

128.    HP admits that Plaintiff seeks the relief identified in paragraph 128 on behalf of himself and the putative classes.  HP denies that Plaintiff, the putative class members, or anyone else is entitled to any relief.  Except as expressly admitted, HP denies the allegations in paragraph 128.

129.    HP admits that Plaintiff and putative class members seek the relief identified in paragraph 129.  Except as expressly admitted, HP denies the allegations in paragraph 129.

1

## PRAYER FOR RELIEF

2  HP responds to the Prayer for Relief as follows: HP denies Plaintiff's Prayer

3  for Relief in its entirety and denies all allegations in the FAC not expressly

4  admitted herein.

5

6

## JURY DEMAND

7  HP hereby demands a trial by jury.

8

9

## AFFIRMATIVE DEFENSES

10  HP has not completed its full investigation into the facts of this case, has not

11  completed discovery in this matter, and has not completed its preparation for trial.

12  The defenses asserted herein are based on HP's knowledge, information, and belief

13  at this time.  By asserting the defenses herein, HP has not knowingly or

14  intentionally waived any applicable defenses and hereby expressly reserves the

15  right to assert any additional defenses, cross-claims, and/or third-party claims as

16  may be appropriate at a later time.  Without assuming any burden of proof,

17  persuasion, or production not otherwise legally assigned to it as any element of

18  Plaintiff's claims, HP asserts the following affirmative defenses:

19

### FIRST AFFIRMATIVE DEFENSE

20

### (Statute of Limitations)

21  Plaintiff's claims and the putative class members' claims are barred, in whole

22  or in part, by the applicable statute of limitations

23

### SECOND AFFIRMATIVE DEFENSE

24

### (First Amendment)

25  Plaintiff's claims and the putative class members' claims are barred, in whole

26  or in part, because HP's conduct is protected commercial speech and/or to the extent

27  that the relief sought would violate the First Amendment's protection thereof.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>THIRD AFFIRMATIVE DEFENSE</u>

**(Inequitable Conduct)**

Plaintiff's claims and the putative class members' claims are barred, in whole or in part, by the doctrines of unclean hands, in pari delicto, and/or inequitable conduct.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

**(Equitable Defenses)**

Plaintiff's claims and the putative class members' claims are barred in whole or in part, by the doctrines of laches, waiver, estoppel, or ratification, or by other equitable defenses.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

**(Unjust Enrichment)**

The right to relief on behalf of Plaintiff and the putative class members is barred by the doctrine of unjust enrichment. Plaintiff and the putative class members would be unjustly enriched if allowed to recover the relief claimed to be due.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

**(Superseding Events)**

Plaintiff's claims and the putative class members' claims are barred, in whole or in part, because Plaintiff's and the putative class members' damages, if any, were caused by independent, intervening and/or superseding events beyond the control of HP and unrelated to HP's conduct.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

**(Failure to Mitigate Damages)**

Because Plaintiff and the putative class members failed to take reasonable steps to mitigate their alleged damages, if any, and their recovery must be barred or diminished accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

### (Substantial Performance)

HP has fully and/or substantially performed any and all obligations it may have owed to Plaintiff and the putative class members, if any, except such obligations as HP was excused from performing as a result of Plaintiff's and the putative class members' conduct, their failure to properly perform their obligations, or otherwise.

## NINTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

Plaintiff's claims and the putative class members' claims are barred, in whole or in part, by the voluntary payment doctrine because Plaintiff and the putative class members voluntarily paid for HP's products about which they now complain with full knowledge of the facts and circumstances pursuant to which such amounts were paid.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff and the putative class members are not entitled to equitable relief because there is an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Prayer for Punitive Damages)

An award of punitive damages or penalties in this case would violate the due process provisions of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, and Eighth Amendments to the Constitution of the United States, as well as various provisions in state constitutions.

## ADDITIONAL AFFIRMATIVE DEFENSES

HP reserves the right to state additional defenses or claims as investigation and discovery continues.

1

**RELIEF REQUESTED**

2  WHEREFORE, HP prays for judgment as follows:

3      1.  Dismissal of the FAC with prejudice;

4      2.  That Plaintiff takes nothing by the FAC, and judgment be entered in HP's

5         favor and against Plaintiff on his own Complaint, together with costs of suit;

6      3.  Denial of class certification;

7      4.  Denial of any and all relief requested;

8      5.  Statutory costs incurred in defending this action;

9      6.  All further relief to which HP may be entitled at law or in equity;

10      7.  Leave to amend its Answer to the FAC to conform to proof later discovered,

11         pled, or offered; and

12      8.  Such other relief as this Court deems just and proper.

13

14  Dated:  January 31, 2022           DTO LAW

15

16                               By:  */s/ Megan O'Neill*

17                                 Megan O'Neill
                               Justin T. Goodwin

18                                 Prachi V. Mehta
                               David Ramirez-Galvez

19

20                                 Attorneys for Defendant
                               HP INC.

21

22

23

24

25

26

27

28